UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DILLON MULLINS et al,

Plaintiffs,

v. CASE NO. 8:25-cv-02637-SDM-AAS

THE MICHELS ORGANIZATION, LLC, et al,

Defendants.
_________________________________/

**ORDER**

The plaintiffs' motion (Doc. 53) for reconsideration is **GRANTED**. The earlier order (Doc. 52) is **VACATED**. No later than **JUNE 12, 2026**, the plaintiffs must file a legal memorandum fully addressing subject matter jurisdiction under the Class Action Fairness Act (CAFA), including but not limited to (1) whether CAFA's "single event or occurrence" exception includes the facts of this action, which the plaintiffs concede are a "logically related . . . series of transactions or occurrences" (Doc. 53 at 13);[1] (2) whether CAFA permits a federal district court to exercise original jurisdiction (rather than only jurisdiction after removal) in a "mass action";[2]

---

[1] *See* discussion of "event or occurrence," 2 *Newberg and Rubenstein on Class Actions* § 6:26 (6th ed.) (noting that the Eleventh Circuit's "capacious[]" reading of 28 U.S.C. § 1332(d)(11)(B)(ii)(I) "enabl[es] a series of related events to fall within the exception."); *see also Spencer v. Specialty Foundry Prods. Inc.*, 953 F.3d 735, 741 (11th Cir. 2020) ("But it would be a misreading of the statute to restrict the local event exception to events or occurrences that are concentrated in a single point in time.").

[2] *See* 28 U.S.C. § 1332(d)(11)(A) ("For purposes of this subsection . . . a mass action shall be deemed a class action removable under paragraphs (2) through (10) if it otherwise meets the
(continued…)

(3) whether the non-contracting persons (that is, the spouse and children of each contracting plaintiff) count toward CAFA's hundred-person requirement;[3] (4) whether the aggregate claims satisfy CAFA's $5,000,000 amount-in-controversy requirement;[4] (5) which, if any, individual plaintiffs satisfy the $75,000 amount-in-controversy requirement for diversity jurisdiction;[5] (6) whether the district court may retain jurisdiction over a plaintiff whose claim does not exceed $75,000 if the plaintiffs collectively satisfy the $5,000,000 amount-in-controversy requirement;[6] and (7) whether, if the court remands a plaintiff, the plaintiff's remand from the mass action counts

---

provisions of those paragraphs."); *see also* 2 *Newberg and Rubenstein on Class Actions* § 6:24 (6th ed.) (§ 1332(d)(11)(A) "implies that the purpose of establishing the category 'mass action' is solely for removal purposes—the statute's precise words do not appear to enable original jurisdiction over mass actions, stating only that such actions are subject to removal. That said, at least one circuit (the Third) and one district court have interpreted the provision to enable original subject matter jurisdiction, not just removal jurisdiction.").

[3] 28 U.S.C. § 1332(d)(11)(B)(i) ("[T]he term 'mass action' means any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly . . .); *see Liberty Mutual Fire Insurance Company v. EZ-FLO International, Inc.*, 877 F.3d 1081, 1082 (9th Cir. 2017) (holding that "a lawsuit filed by 26 insurance companies … in their capacity as subrogees of 145 insured homeowners" does not qualify as a mass action).

[4] 28 U.S.C. § 1332(d)(2) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs . . . .").

[5] 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . ."); 28 U.S.C. § 1332(d)(11)(B)(i) ("[J]urisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under subsection (a).").

[6] *See* 2 *Newberg and Rubenstein on Class Actions* § 6:24 ("Another question that mass actions have posed concerns a jurisdictional quandary arising out of the presence within the mass action of individual claims below the (current $75,000) jurisdictional threshold. The mass action provision makes clear that there is no jurisdiction over such individual claims, but the question is whether that problem renders jurisdiction over the entire removed mass action problematic . . . or whether a court can assert jurisdiction over the mass action and then remand the claims falling under the jurisdictional amount. . . . *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 67 Fed. R. Serv. 3d 1083 (11th Cir. 2007) sided with the latter approach—accept jurisdiction but remand those claims falling under the individual jurisdictional amount.") However, if a mass action requires a hundred plaintiffs and every plaintiff to have more than $75,000 in damages, by definition a mass action requires $7,500,000 in damages, which renders CAFA's $5 million aggregate requirement "mere surplusage."

against the minimum-number-of-persons and minimum-amount-in-controversy requirements. The defendants must file a responsive legal memorandum within twenty-one days after service of the plaintiffs' memorandum.

ORDERED in Tampa, Florida, on May 14, 2026.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE